## THOMAS DALTON vs. ALFRED S. BEERS.

In actions sounding in tort, if it appears that the injury complained of was inflicted wantonly or maliciously, exemplary damages may be given; and in such cases the expenses of the plaintiff in the prosecution of his suit, exceeding the taxable costs, may be taken into consideration in estimating the damages.

Where the plaintiff, a passenger upon a railroad train, had paid his fare to the conductor, and the conductor afterwards, believing that the fare had not been paid, demanded it again, and was informed by the plaintiff that he had already paid it, which claim was corroborated by other passengers, but the conductor, persisting that the fare had not been paid, called the plaintiff "a liar," "a scoundrel" and "a fraud," and forcibly ejected him from the train—In trespass against the conductor, it was held that before ejecting the plaintiff from the train the defendant was bound to know that he had not paid his fare, and that an honest belief that such was the fact was not sufficient to justify his acts and language; and that the judgment was not erroneous by reason of including in the damages the sum of $50 for expenses of the suit.

TRESPASS *vi et armis*, for ejecting the plaintiff from a railroad car of which the defendant was conductor; brought to the Court of Common Pleas, and tried on the general issue closed to the court, before *Brewster, J.* The court rendered judgment for the plaintiff, assessing the damages at $60, and the defendant moved for a new trial, for error in the court in including in the damages the sum of $50 for expenses of the suit. The case is sufficiently stated in the opinion.

*H. B. Munson*, in support of the motion.

*Lockwood*, contra.

PARK, J. In actions sounding in tort, if it appears that the injury complained of was inflicted wantonly or maliciously, exemplary damages may be given; and in such cases the expenses of the plaintiff in the prosecution of his suit, exceeding the taxable costs of the case, may be taken into consideration in estimating the amount of damages that the plaintiff should recover. The only question made in this case is whether it is one of this character.

It appears that the plaintiff was a passenger on a train of

cars of which the defendant was the conductor; that the plaintiff paid to the defendant the usual fare of passengers from the city of Bridgeport to the town of Naugatuck; that afterwards, and before the train had arrived at the latter place, the defendant, believing that the plaintiff had not paid his fare, demanded that he should pay it again; that the plaintiff informed him that he had already paid his fare, and referred the defendant to the passengers who were sitting near the defendant at the time the payment was made for the truth of his statement; that the passengers referred to corroborated the claim of the plaintiff, but the defendant still persisted that the plaintiff had not paid his fare. The remaining facts are thus detailed in the motion. " Subsequently further altercation twice ensued between the defendant and the plaintiff, the defendant insisting that the plaintiff had not paid his fare, and the plaintiff insisting that he had, and that the defendant ought to be satisfied with the proof of the payment the plaintiff had offered him. Finally, the defendant in some excitement called the plaintiff "a liar," " a scoundrel" and " a fraud," and the plaintiff in reply told the defendant that he would not dare call him such names outside of the train. On the arrival of the train at Seymour, a station between Bridgeport and Naugatuck, and near the latter, after again demanding the fare, and the plaintiff refusing to pay, and after requesting the plaintiff to leave the train, the defendant called some brakemen, and with their assistance forcibly ejected the plaintiff from the train, against his protest, although he made no active resistance, and the plaintiff was thereby obliged to take another train in order to reach Naugatuck. In the assault upon and removal of the plaintiff from the train, his coat was torn, and his clothing disarranged."

The defendant insists that he should be excused from paying more than the actual damage, on the ground that he honestly believed the plaintiff had not paid his fare. But he should have been satisfied from the evidence produced by the plaintiff that he was mistaken, and more especially there was no necessity of his using the vile epithets that he applied to the plaintiff, whether the plaintiff had paid his fare or not.

The defendant's honest belief cannot excuse the use of such epithets, and the indignity and humiliation that he inflicted upon the plaintiff in ejecting him by force from the train, where he was entitled to remain. Before resorting to such extreme measures, a conductor should know that a passenger has not paid his fare. Passengers are not to be subjected to such indignity with impunity, when the conductor has no other excuse to offer but an honest belief that a passenger has not paid his fare.

We think the court below took the right view of the case, and that the sum of sixty dollars damages falls far short of being excessive.

It is unusual for a court to state in its finding what the actual damages are in a case of this kind, and what sum is assessed in addition thereto as punitive damages, or damages arising from a consideration of the expenses that the plaintiff has been subjected to in the prosecution of his suit, exceeding the taxable costs of the case. It was probably done in this case in order to give the defendant the benefit of the claim which he makes that only the actual damages should be allowed, so that if this court should sustain his claim a new trial might be advised conditionally, and the case disposed of without subjecting the parties to the expense and trouble of another trial.

But no division of the damages was made in the judgment that was rendered, and we think no error was committed.

A new trial is not advised.

In this opinion the other judges concurred; except BUTLER, C. J., who dissented.