## MARTHA C. NOXON vs. MARY E. REMINGTON.

Third Judicial District, New Haven, June Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

It is within the power of a trial court, in actions of tort for unliquidated damages, to require a plaintiff who has obtained a verdict for an excessive amount to remit so much thereof as in the opinion of the trial court may be excessive, under penalty of having the verdict set aside and a new trial granted. Such a practice prevails in many of our States, is beneficial to the parties and is in no sense an impairment of the constitutional right of trial by jury.
The law regards the right of a wife to the conjugal society and affection of her husband as valuable property, for an injury to which she may maintain an action for damages in her own name.
In fixing the amount of damages in such a case, the jury may consider the plaintiff's loss of her husband's affection and society, the loss of his support and protection, and the injury to her feelings, caused by the defendant's conduct.

Argued June 13th—decided October 6th, 1905.

ACTION to recover damages for alienating the affections of the plaintiff's husband, brought to the Superior Court in New Haven County and tried to the jury before *Ralph Wheeler, J.;* verdict for the plaintiff for $3,750, of which

$2,050 was subsequently remitted by order of the court, and judgment rendered for the plaintiff for $1,700, from which the defendant appealed. *No error.*

*Cornelius J. Danaher* and *D. Ward Northrop*, for the appellant (defendant).

*Oswin H. D. Fowler* and *Patrick T. O'Brien*, for the appellee (plaintiff).

HALL, J. The plaintiff, who is seventy-five years of age, was married in 1851 to her husband, John O. Noxon, who is seventy-four years of age. She alleges in her complaint that in 1901 the defendant, who is sixty-four years of age, by her blandishments and seductions alienated the affections of her husband, and that she has since committed adultery with him ; and demands $10,000 damages.

The law regards the right of a wife to the conjugal society and affection of her husband as a valuable property, for an injury to which she may maintain an action for damages in her own name. *Foot* v. *Card*, 58 Conn. 1.

In the present case the trial judge charged the jury that there could be no recovery without proof that the defendant had committed adultery with the plaintiff's husband, as alleged. Under this instruction (which is not made a ground of exception by either party) the jury having returned a verdict for the plaintiff for an amount which is not stated in the record but which counsel for both parties assert was $2,500, the judge returned them to a further consideration of the question of damages without informing them whether he considered the amount of the verdict too large or too small, and the jury after further consideration of the case returned a verdict for $3,750, which the court accepted. The defendant having filed a motion for a new trial upon the ground that the verdict was against the evidence, and that the damages awarded were excessive, the trial judge directed the plaintiff to remit $2,050 of the amount of the verdict ; and the plaintiff having filed such remittitur and

accepted a judgment of $1,700, the defendant's motion for a new trial was denied, and judgment was entered for the plaintiff for $1,700. .

The defendant claims that the trial court erred in denying the motion for a new trial, and in rendering judgment for a sum less than the amount of the verdict without the consent of both parties.

The evidence in the case is not before us, and we have no other reason for considering the damages awarded by the jury excessive, or the verdict as against the evidence, than that the action of the trial court indicates that such was its opinion.   Had the defendant desired to appeal to this court from the denial of her motion for a new trial, and ask for a new trial either upon the ground that the verdict as rendered by the jury for $3,750, or as reduced by the remittitur to $1,700, was against the evidence, she should have proceeded under § 805 of the General Statutes and have had the evidence made a part of the record.

But assuming that upon the record before us we ought to regard the damages awarded by the verdict of $3,750 as excessive, the trial court committed no error in denying the defendant's motion for a new trial, upon condition that the plaintiff should remit $2,050, and in rendering judgment for the remaining $1,700 of the amount of the verdict.

Upon this point the practice is not uniform in different jurisdictions.   In England, the House of Lords in the recent case of *Watt* v. *Watt*, L. R. App. Cas. (1905) 115, overruling upon this question *Belt* v. *Lawes*, 12 Q. B. D. 356, held that in an action of tort an appellate court had no power, without the consent of both parties, to order a new trial unless the plaintiff should consent to reduce to a certain sum the damages awarded by the verdict, and to render judgment for such reduced amount, upon the ground that such action was in effect an assessment of the damages by the court and an invasion of the defendant's right to a trial by jury.   There are similar decisions by the courts of several of the States of this country.

On the other hand, the practice of requiring the plaintiff

in such cases to submit to a new trial unless he remits a part of a verdict the amount of which is clearly excessive, is sanctioned by the Supreme Court of the United States and by many of our State courts. In *Arkansas Cattle Co.* v. *Mann*, 130 U. S. 69, 74, it is said that the practice (of requiring a, remittitur in such cases) approved in *Northern Pacific R. Co.* v. *Herbert*, 116 U. S. 642, is sustained by sound reason, and is in no sense an impairment of the constitutional right of trial by jury; that " the authority of the court to determine whether the damages are excessive implies authority to determine when they are not of that character," and that " to indicate, before passing upon the motion for a new trial, its opinion that the damages are excessive, and to require a plaintiff to submit to a new trial, unless, by remitting a part of the verdict, he removes the objection, certainly does not deprive the defendant of any right, or give *him* any cause for complaint."

Of the numerous cases in our State courts sustaining the practice, in actions of tort for unliquidated damages, of denying motions for a new trial upon condition that the plaintiff remit a part of the verdict, and of directing judgment for the reduced amount after the remittitur, some of the more recent decisions are : *Chicago City Ry. Co.* v. *Gemmill*, 209 Ill. 638 (1904) ; *Landry* v. *New Orleans Shipwright Co.*, 112 La. 515 (1904), 36 Southern Rep. 548 ; *Adcock* v. *Oregon R. & Nav. Co.*, 45 Ore. 173, 77 Pac. Rep. 78 (1904) ; *Bailey* v. *Cascade Timber Co.*, 35 Wash. 295 (1904) ; *Ingraham* v. *Weidler*, 139 Cal. 588 (1903). In Vol. 18 Ency. of Pl. & Pr. 125–127, a large number of cases from the courts of different States are cited in support of the statement of the text, that the power of a court to permit or require the entry of a remittitur in actions for unliquidated damages for torts, when the damages awarded by the jury are excessive, exists by the, great weight of authority. It is well settled in this State that even in actions of tort for unliquidated damages a new trial may be granted upon the ground of excessive damages. *Haight* v. *Hoyt*, 50 Conn. 583 ; *Woodruff* v. *Richardson*, 20 id. 238, 243 ; *Clark* v. *Pendleton*, ibid.

495, 509. In several cases this court has ordered a new trial unless the plaintiff would remit a part of the verdict. *Baldwin* v. *Porter*, 12 Conn. 473, 486 ; *Platt* v. *Brown*, 30 id. 336, 343 ; *Smith* v. *Hall*, 69 id. 651. Under the present law the trial court itself possessed the power to grant a new trial upon the ground of a verdict against evidence. *Bissell* v. *Dickerson*, 64 Conn. 61, 73. In *North* v. *New Britain*, 77 Conn. 715, which was an action to recover damages for personal injuries, we held that it was within the power of the trial court to grant a new trial upon the ground that the damages were excessive, and to grant it unless the plaintiff should remit a certain part of the verdict.

We are clearly of the opinion that the practice of thus granting a new trial *nisi*, in certain cases where the damages awarded by the verdict are clearly excessive, is a beneficial one to the parties, and is in no sense a usurpation of the functions of the jury. Such an order frequently saves the parties the expense of a second trial. The plaintiff is not compelled to remit the sum suggested by the trial court, but may elect either to submit to a new trial, or to seek, by an appeal to this court under § 806 of the General Statutes, to have the order of new trial reversed and judgment rendered for the full amount of the verdict. Since the reduced sum required to be paid by the judgment, after the remittitur has been filed, is a part of the damages assessed by the jury, the defendant cannot be heard to say that such reduced damages were not assessed by the jury, nor can he, because the trial court has held the verdict to be excessive, complain at being required to pay the reduced amount, unless that is also excessive. If it is, he has the same right to appeal to this court for a new trial under § 805 as he would have had had the trial court denied his motion for a new trial absolutely.

The entire charge of the court upon the question of damages was, in substance, that in case a verdict should be rendered for the plaintiff the jury, in fixing the amount of damages, might consider the loss of her husband's affection and society, and of his support and protection, and the injury to her feelings, caused by the defendant's said acts.

Spencer's Appeal.

There was no error in this instruction. *Rice* v. *Rice*, 104 Mich. 371; *Waldron* v. *Waldron*, 45 Fed. Rep. 315, 322; *Wolf* v. *Frank*, 92 Md. 138.

As it does not appear that the damages, as reduced by the remittitur, are excessive, there is no error of which the defendant can complain.

There is no error.

In this opinion the other judges concurred.