WILLIAM W. HANNA *vs.* JOHN F. SWEENEY.

First Judicial District, Hartford, January Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The common-law doctrine of allowing a jury, in certain actions of tort, to fix the amount of exemplary or punitive damages substantially at their own discretion, no longer prevails in this State, if indeed it ever did prevail here.

Although the damages recoverable in such cases in this State are sometimes called "exemplary" or "punitive," they are in reality only compensatory, since their amount cannot exceed the plaintiff's counsel fees and other expenses of litigation, less his taxable costs.

In an action for an unprovoked and wanton assault, the trial judge instructed the jury that in estimating punitive damages they might consider counsel fees and other expenses of suit incurred by the plaintiff, but failed to limit them to such expenses, and afterward virtually told them that the amount of exemplary damages was a matter in their discretion, depending upon the degree of malice or wantonness evinced by the defendant. *Held* that the charge was erroneous and entitled the defendant to a new trial.

Argued January 2d—decided January 26th, 1906.

ACTION to recover damages for assault and battery, brought to the Superior Court in Hartford County and tried to the jury before *Gager, J.;* verdict and judgment for the plaintiff for $400, and appeal by the defendant for alleged errors in the charge of the court. *Error and new trial granted.*

*William F. Henney,* for the appellant (defendant).

*John Walsh* and *James Roche,* for the appellee (plaintiff).

TORRANCE, C. J. In the trial court the evidence for the plaintiff tended to prove that the defendant committed upon him a violent, unprovoked and malicious assault and battery, whereby the plaintiff was greatly injured in mind, body and estate. Upon that evidence the plaintiff claimed to be entitled, if the jury found in his favor, not only to full com-

pensation for all his actual injuries, but also to damages, in excess of such compensation, variously termed exemplary, punitive, or vindictive; and the court correctly charged the jury in accordance with the tenor of this claim. *St. Peter's Church* v. *Beach*, 26 Conn. 355; *Burr* v. *Plymouth*, 48 id. 460; *Maisenbacker* v. *Society Concordia*, 71 id. 369; *Welch* v. *Durand*, 36 id. 182. The court, however, further charged the jury with reference to such damages, that if they found in favor of the plaintiff they might, "in addition to actual or compensatory damages, award punitive damages, or smart money as it is sometimes called, proportionate to the degree of malice or wantonness evinced by the defendant." It is of this part of the charge that the defendant chiefly complains. He says that by it the amount of "exemplary" damages which the jury might award to the plaintiff was erroneously left entirely at large, to the discretion of the jury; and we think he is right in this claim.

At common law, in certain actions of tort, the jury were at liberty to award damages "not only as a satisfaction to the injured person, but likewise as a punishment to the guilty, to deter from any such proceeding for the future, and as a proof of the detestation of the jury to the action itself." Pratt, L. C. J., in *Wilkes* v. *Wood*, Lofft, 1, 18, 19; *Huckle* v. *Money*, 2 Wils. 205; *Lake Shore & M. S. Ry. Co.* v. *Prentice*, 147 U. S. 101; *Goddard* v. *Grand Trunk Railway*, 57 Me. 202; *Day* v. *Woodworth*, 13 How. (U. S.) 363; *Dalton* v. *Beers*, 38 Conn. 529. Moreover, at common law the amount of punitive damages that might be awarded was left almost entirely to the discretion of the jury; for the courts generally refused to grant a new trial for excessive damages of this kind. In *Huckle* v. *Money*, 2 Wils. 207, the actual damages appear to be about twenty pounds sterling, but the verdict was for three hundred pounds; and the court, in refusing to grant a new trial, said: "It must be a glaring case indeed of outrageous damages in a tort, and which all mankind at first blush must think so, to induce a court to grant a new trial for excessive damages." In *Day* v. *Woodworth*, 13 How. (U. S.) 363, 371, in speaking of the

discretion of the jury in such cases, Justice Grier says : " This (*i. e.*, the amount of ' smart money ') has been always left to the discretion of the jury, as the degree of punishment to be thus inflicted must depend upon the particular circumstances of each case. It must be evident, also, that as it depends upon the degree of malice, wantonness, oppression, or outrage of the defendant's conduct, the punishment of his delinquency cannot be measured by the expenses of the plaintiff in prosecuting his suit. It is true that damages, assessed by way of example, may thus indirectly compensate the plaintiff for money expended in counsel fees ; but the amount of those fees cannot be taken as the measure of punishment or a necessary element in its infliction." That the amount of punitive damages, in cases where such damages may be awarded, is generally left to the discretion of the jury, see also 13 Cyc. p. 119, and cases there cited ; Hale on Damages, Chap. 7, Par. 83 ; Sedgwick's Elements of Damages, p. 85.

This power of a jury, at common law in certain actions of tort, to award damages beyond mere compensation, and practically of such an amount as they in their discretion may determine, has resulted in the doctrine of punitive damages, which has been called " a sort of hybrid between a display of ethical indignation and the imposition of a criminal fine." *Haines* v. *Schultz*, 50 N. J. L. 481, 484. This doctrine has been said to be exceptional, anomalous, logically wrong, and at variance with the general rule of compensation in civil cases ; but, notwithstanding the objections urged against it, it prevails in many if not in most of the States. Sedgwick's Elements of Damages, pp. 86, 87.

In this State the common-law doctrine of punitive damages as above outlined, if it ever did prevail, prevails no longer. In certain actions of tort the jury here may award what are called punitive damages, because nominally not compensatory ; but in fact and effect they are compensatory, and their amount cannot exceed the amount of the plaintiff's expenses of litigation in the suit, less his taxable costs. " Such expenses in excess of taxable costs . . . . limit the

amount of punitive damages which can be awarded." *Maisen-backer* v. *Society Concordia*, 71 Conn. 369, 378, and cases there cited.

The court, it is true, told the jury that in estimating punitive damages they might consider counsel fees and other expenses of the plaintiff to which he had been put in attempting to get compensation; but, probably by an oversight, they were not told that the amount of the punitive damages which they might award was limited by the amount of those expenses less the taxable costs in the suit; and afterward they were told, in effect, that the amount of punitive damages was a matter that rested in their discretion, dependent upon "the degree of malice or wantonness evinced by the defendant."

There is error and a new trial is granted.

In this opinion the other judges concurred.