MICHAEL HAMMOND *vs.* FRANK W. ROWLEY.

Third Judicial District, New Haven, June Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK AND WHEELER, JS.

In an action for malicious prosecution, the trial court may find as a fact that the defendant instituted the criminal action maliciously, although there is no evidence introduced to show any hard feelings or ill will existing between the defendant and plaintiff.

The record containing the entire evidence *held* to sustain the findings of the trial court.

The trial court found that the criminal action was commenced without probable cause, in bad faith, and with a malicious motive. *Held* that upon these facts the judgment for the plaintiff was a proper one.

Argued June 4th—decided July 26th, 1912.

ACTION for malicious prosecution, brought to and tried by the Superior Court in New Haven County, *Curtis, J.;* facts found and judgment rendered for the plaintiff for $250, and appeal by the defendant. *No error.*

o

*Albert McC. Mathewson,* for the appellant (defendant).

*L. Erwin Jacobs,* for the appellee (plaintiff).

PER CURIAM. On the 11th day of October, 1910, the defendant caused the arrest of the plaintiff on the charge of unlawfully taking and carrying away oysters from certain oyster grounds in New Haven harbor. The prosecution was based upon § 3246 of the General Statutes, which makes it a criminal offense to "take and carry away any oysters lawfully planted or cultivated in any waters, or any oysters being on any place duly designated for the planting or cultivation of oysters." The plaintiff was brought before the Town Court of Orange, when, after a partial hearing, the case was dismissed.

The Superior Court finds that "there was not probable cause for Rowley to institute such criminal action; and that he began the action in bad faith, not believing said Hammond to be guilty, and for the purpose of frightening natural growthers from going on the said leased beds; and that he therefore instituted said' action maliciously."

It also appears that no evidence was introduced to

show any hard feeling or ill will existing between the defendant and this plaintiff.

The assignments of error question the action of the trial court in denying the motion to correct the finding, and also in holding that the defendant was guilty of malice in causing the prosecution and arrest of the plaintiff. A careful examination of the record containing the entire evidence, before this court under the provisions of § 797 of the General Statutes, convinces us that it cannot be seriously claimed that there is no evidence to support the findings of the court complained of by the motion to correct. For this reason, the motion is denied.

The trial court has found that this criminal action was commenced without probable cause, in bad faith, and with a malicious motive; and therefore these controlling facts render the judgment of the Superior Court the proper one.

There is no error.