MICHAEL SEIDLER *vs.* JOHN J. BURNS.

First Judicial District, Hartford, October Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

A verdict should not be set aside if there was some evidence before the jury upon which they might reasonably have reached their conclusion.

An award of $500 damages in an action for malicious prosecution, will not be set aside as excessive, if the evidence was such as to warrant the jury in finding that the acts of the defendant were wanton and inspired by actual malice. In such cases there is no fixed rule of damages, nor is the injury suffered by the plaintiff capable of an exact cash valuation.

In an action for malicious prosecution the plaintiff's expenses of litigation, less his taxable costs, are a proper element of damages.

Argued October 1st—decided December 19th, 1912.

ACTION to recover damages for malicious prosecution, brought to the Superior Court in Hartford County and tried to the jury before *Williams, J.;* verdict and judgment for the plaintiff for $500, and appeal by the defendant. *No error.*

*Joseph L. Barbour,* for the appellant (defendant).

*A. Storrs Campbell,* for the appellee (plaintiff).

PER CURIAM. This is an action claiming damages for a criminal prosecution of the plaintiff, alleged to have been instituted by the defendant maliciously and without probable cause. The jury rendered a verdict for the plaintiff to recover $500 damages. The defendant filed a motion to set aside the verdict and for a new trial, upon the ground that the verdict was against the evidence and that the damages were excessive. This motion was denied, and its denial is the only error assigned in the appeal.

A trial court should not set aside a verdict as being against the evidence "where it is apparent that there was some evidence upon which the jury might reasonably reach their conclusion, and should not refuse to set it aside where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they or some of them were influenced by prejudice, corruption or partiality." *Steinert* v. *Whitcomb,* 84 Conn. 262, 263, 79 Atl. 675.

The defendant contends that the record contains no evidence of malice upon the part of the defendant, nor that the institution of the criminal prosecution was without probable cause.

It clearly appears from the conceded facts that there was sufficient proof to warrant the jury in finding for the plaintiff upon the question of actual malice, aside from the malice implied from the proof of want of probable cause. Upon the question of probable cause the evidence of the defendant materially conflicted with that of the plaintiff. Apparently the jury did not accept the defendant's explanation, but gave credence to the plaintiff's testimony and that of his witnesses.

We cannot say that the jury were not warranted in so reaching such a conclusion.

The damages awarded are not so excessive as to warrant an interference by this court. In cases like the present one, there is no fixed rule of damages as in an action of contract. The object is the remuneration for a personal injury which is not capable of an exact cash valuation.

It appears that Seidler was arrested about five o'clock in the afternoon, taken through the public streets of Hartford to the police station, where he was kept in a cell until the next morning. His case was then adjourned until the following day, when he was acquitted. The circumstances of aggravation, the bodily pain, the mental anguish, and the injury to his reputation, were all elements which the jury might have properly considered in assessing damages. But these were not all. As we have said, there was evidence from which the jury could have consistently reached the conclusion that the acts of the defendant were wanton and malicious. In this class of cases the plaintiff's expenses of litigation in the suit, less his taxable costs, are also a proper element of damages. *Hanna* v. *Sweeney,* 78 Conn. 492, 494, 62 Atl. 785; *Hassett* v. *Carroll,* 85 Conn. 23, 38, 81 Atl. 1013. Viewed in the light of these suggestions, we are not prepared to say that the damages assessed in the present case are so exorbitant and unreasonable as to warrant the interference of this court in a matter within the province of the jury to determine.

There is no error.