FLORENCE VALENTINE *vs.* FREDA POLLAK.

Third Judicial District, Bridgeport, October Term, 1920.
WHEELER, C. J., BEACH, GAGER, CASE and CURTIS, JS.

A judgment for $4,208 in a suit by a wife for alienation of her husband's
affections, accompanied by adultery, is not necessarily excessive.

The rule is well settled in this State that the testimony of a juror will
not be received for the purpose of setting aside a verdict on the
ground of mistake or misconduct on the part of jurors.

Upon a motion to set aside the verdict, it was shown that fifty or more
slips of paper were found in the jury room, one of which bore the
mark $1 and another $10,000; and thereupon the defendant claimed
that the marks upon these papers, in connection with the odd sum
awarded, indicated that the verdict had been reached by lot,
and called the foreman of the jury to inquire whether the verdict
was so reached. *Held* that the evidence offered was properly
excluded.

Alienation of affections may be established by proof of acts, blandish-
ments and seductions, or by proof of adultery.

Alienation of affections does not necessarily involve adultery.

The commission of adultery with the plaintiff's husband constitutes
an independent cause of action, whether it in fact causes an alien-
ation of affections or not.

While proof of adultery may be evidence tending to prove an alienation
of affections, adultery itself does not in law give rise to a presump-
tion of alienation.

A presumption of law must be based upon facts of universal experience
and be controlled by inexorable logic.

Whether the commission of adultery has in the particular case caused an
alienation of affections is a question of fact.

It is error to charge the jury, that if they find that the plaintiff and her
husband became estranged and their affection stifled, the jury must

Valentine *v.* Pollak.

assess damages for the complete and continuing loss to the plaintiff; for it is for the jury to find the extent of the loss and whether or not it is continuing.

The gist of the action for alienation of affections and that for criminal conversation is the same, a loss of *consortium.*

The right of *consortium* is a property right.

In an action for alienation of affections or for criminal conversation, the recovery may include damages for mental anguish and injury to health, character and feelings.

The jury were instructed that nominal damages would not be adequate if they found that the injury to the plaintiff, through the loss of the *consortium,* resulted from the adulterous relations between the plaintiff's husband and the defendant. *Held* that this instruction was correct.

The case of *State* v. *Carta,* 90 Conn. 79, distinguished.

Submitted on briefs October 29th—decided December 22d, 1920.

ACTION to recover damages for alienating the affections of, and for criminal conversation with, the plaintiff's husband, brought to the Superior Court in Fairfield County and tried to the jury before *Haines, J.;* verdict and judgment for the plaintiff for $4,208, and appeal by the defendant. *Error and new trial ordered.*

*Henry E. Shannon* and *Frank L. Wilder,* for the appellant (defendant).

*William F. Tammany, Paul R. Connery* and *John J. Cuneo,* for the appellee (plaintiff).

WHEELER, C. J. Errors assigned upon the appeal relate to the refusal of the trial court to set aside the verdict because excessive, and because of the exclusion of the testimony of the foreman of the jury as to the unlawful method of reaching the verdict, and to the erroneous instructions given the jury.

Injuries which the jury may have found the plaintiff suffered in consequence of the defendant's acts, are the loss of her husband's love and society, the destruc-

tion of her home and happiness, the commission of adultery with her husband, and the suffering endured and to be endured in the anguish and distress of mind resulting from the defendant's acts. . Injuries such as these are indeed incapable of precise measurement, but, when proven, they do justify substantial damages. In the light of the circumstances which the jury may have found proven, we cannot say as matter of law that the sum awarded was excessive.

Upon the hearing on the motion to set aside the verdict, defendant offered evidence tending to prove that shortly after the verdict there were found in the room in which the jury had deliberated fifty or more slips of paper, on one of which was marked $1 and on another $10,000. The defendant claimed that the marks upon these papers, taken in connection with the odd dollars expressed in the verdict, indicated that the verdict had been reached by lot, by the several jurors marking upon slips of paper the amount of their verdict, adding the total and dividing by twelve. The defendant called as a witness the foreman of the jury, for the purpose of inquiring if the jury reached their verdict by the method of lot as claimed. The court excluded the offer and the defendant complains of this ruling.

From an early period the proceedings of the jury, petit and grand, in their deliberations and in making up their verdict, have been beyond the power of disclosure through the testimony of the jurors. Public opinion is the sanction of this rule. "Whatever opinions may formerly have been entertained upon the subject," says WAITE, J., "the rule seems now to be fully settled, in England, in this State, and generally throughout the Union, that the testimony of a juror cannot be received for the purpose of setting aside a verdict, on the ground of mistake or misconduct, on the part of

jurors." *Haight* v. *Turner*, 21 Conn. 593, 596; *State* v. *Freeman*, 5 Conn. 348; *Meade* v. *Smith*, 16 Conn. 346.

Defendant relies upon *State* v. *Carta*, 90 Conn. 79, 96 Atl. 411, as modifying or abrogating this rule. It was not so intended, and a reading of the opinion in that case, holding in mind the real situation as presented to the trial court, will indicate that the opinion does not speak contrary to the intention of the court. The inquiry of the jurors in that case was limited to their knowledge of the existence of a paper found in the jury room; it was received by the court upon a member of the jury volunteering the information, in open court, that the jury knew nothing of the paper, and no objection was made to the consideration of this evidence, and no question of the right of the court to receive and consider it was raised upon the trial or upon the appeal. We treated of the incident as it came to us, as a part of the record unobjected to. Had the question which is presented in this case been presented in *State* v. *Carta*, we should have expressed the opinion we here express, for we regard the decisions cited as settling our practice beyond the power of question, and we have never seen reason to doubt the soundness of the reasons which underlie this rule of practice.

Most of the instructions complained of accord with our settled law. The complaint charged two separate sets of acts: first, that the defendant by her acts, blandishments and seductions, alienated the love and affection of the plaintiff's husband; and second, that the defendant committed adultery with plaintiff's husband. Either charge constituted a legal cause of action, proof of which would support a substantial award of damages.

The trial court was correct in its instruction that the alienation of affections might be established by

proof of the acts, blandishments and seductions of defendant, or by proof of the adultery. The instruction that the alienation of affections might be established whether adultery was in fact committed or not, was also correct.

But the instructions were wrong in limiting the proof of adultery to the cause of action for alienating the affections of plaintiff's husband. The charge of adultery was an independent cause of action, and upon its proof the plaintiff was entitled to substantial damages, whether the adultery had caused an alienation of affection of plaintiff's husband from her or not. The omission of the court so to charge was to the defendant's advantage.

The trial court further instructed the jury: "Adultery is the invasion of a conjugal right, and of itself gives the injured party a right of action, for the law presumes that wherever there is an adultery by a woman with the husband of another, there is alienation of the affections of that husband from the wife, and proof of adultery under such circumstances amounts to proof of alienation of affections. So that in this case you cannot find adultery to have occurred, and refuse to find alienation of the plaintiff's husband's affections." This was error, and as it may have been harmful error, a new trial must be ordered. We find no authority supporting the court's charge, and we are satisfied, upon reason, that there is no presumption of law that in every case of adultery the law presumes an alienation of affections. Proof of adultery is evidence tending to prove the existence of the fact of an alienation of the affections, and the circumstances may make of it strong proof of this. In another case the fact of adultery may exist and no alienation of the affections between a husband and wife follow. Particularly true might this be when the act of adultery was an isolated one. Wife or

husband may have succumbed to a stronger will, to a sudden temptation, to persuasion or artifice, while the affection of neither was estranged or stifled by the adulterous act. Either may look back with dismay or even disgust upon his or her weakness, and turn with renewed respect and affection to his or her loyal helpmate. Especially in the case of the man, passion may lead him astray and leave in him no trace of affection for the object of his lust, or disturb in the slightest the conjugal affection he held for his spouse. A presumption of law must be based upon facts of universal experience and be controlled by inexorable logic. "It is asserted as a self-evident result of human reason and experience." Neither experience nor logic will permit such presumption to be drawn, as matter of law, from the fact of adultery. As a matter of fact it would depend upon the circumstances of each case; it has the force of an argument and that is all. *Ward* v. *Metropolitan Life Ins. Co.*, 66 Conn. 227, 238, 239, 33 Atl. 902.

Exception is taken to the instruction on the subject of damages. It followed *Noxon* v. *Remington,* 78 Conn. 296, 61 Atl. 963, except in its assumption that if the jury found that the plaintiff and her husband became estranged and their affection stifled, the jury must assess damages for the "complete and continuing loss" to the plaintiff. It was for the jury to find the extent of the loss, whether continuing or otherwise, and the court might not assume these from the conditions assumed as found by the jury.

The gist of both the action for alienation of affections and that for criminal conversation is the same, the loss of the *consortium.* This is a property-right growing out of the marriage relation and includes the exclusive right to the services of the spouse—and these contemplate not so much wages or reward earned as assistance and helpfulness in the relations of conjugal life accord-

ing to their station—and the exclusive right to the society, companionship and conjugal affection of each other. *Marri v. Stamford Street Railroad Co.*, 84 Conn. 9, 11, 78 Atl. 582.

In addition to such injury and loss, recovery may be had for mental anguish, and injury to health, character and feelings suffered.

The instruction that nominal damages would not be adequate if the jury found that the injuries to the plaintiff through the loss of the *consortium* resulted by reason of the adulterous relations between the plaintiff's husband and the defendant, was correct.

Defendant also complains of the instruction that evidence was offered that defendant induced plaintiff's husband to abandon her. We do not find in the record of facts of which evidence was offered, any reference to the subject of plaintiff's abandonment by her husband, and we assume that this expression was an inadvertence, whether harmful or not, we need not stop to inquire.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.