VINCENT DOROSZKA *vs.* I. HARRY LAVINE (No. 29682).

VINCENT DOROSZKA *vs.* I. HARRY LAVINE (No. 30329).

Third Judicial District, Bridgeport, April Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued April 8th—decided June 13th, 1930.

*John Henry Sheehan,* with whom, on the brief, was *Harry L. Edlin,* for the appellant (plaintiff).

*John M. Chapnick,* for the appellee (defendant).

HINMAN, J. The trial court, on motion, set each verdict aside. Error in so doing is the only assignment on these appeals. It suffices to say, without recital of details thereof, that the evidence, although consisting only of the testimony of the plaintiff, was ample to warrant a verdict in his favor in each case. It is manifest, however, that both verdicts were grossly excessive in the amount of damages awarded, and the trial court was correct in setting them aside on that ground. Few verdicts approaching such amounts have been rendered, in this jurisdiction, in actions of tort, however grievous and extensive the injuries involved. The awards here vastly exceed those hitherto made in Connecticut cases of this kind. *Seidler* v. *Burns,* 84 Conn. 111, 79 Atl. 53, 86 Conn. 249, 85 Atl. 369; *McGann* v. *Allen,* 105 Conn. 177, 134 Atl. 810; *Zitkov* v. *Zaleski,* 102 Conn. 439, 128 Atl. 779; *Shea* v. *Berry,* 93 Conn. 475, 106 Atl. 761; *Verdi* v. *Donahue,* 91 Conn. 448, 99 Atl. 1041; *Hammond* v. *Rowley,* 86 Conn. 6, 84 Atl. 94; *Gray* v. *Fanning,* 73 Conn. 115, 46 Atl. 831; *Valentine* v. *Pollak,* 95 Conn. 556, 111 Atl. 869; *Sheffield* v. *Beckwith,* 90 Conn. 93, 96 Atl. 316; *Hart* v. *Knapp,* 76 Conn. 135, 55 Atl. 1021; *Noxon* v. *Remington,* 78 Conn. 296, 61 Atl. 963. Comparison of the facts in these cases and the awards therein with those in the present instance, with due consideration of recent developments including the diminished purchasing power of money, discloses no logical or legitimate justification for verdicts for the amounts awarded in the present cases.

Extending our investigation to other jurisdictions, we find few cases in which verdicts of such amount have been sustained and that notwithstanding prevalence of the common-law doctrine permitting the

award of punitive damages, in amount practically at the discretion of the jury, while in this State the purpose is not to punish the defendant for his offense but to compensate the plaintiff for his injuries, and so-called punitive or exemplary damages cannot exceed the amount of the plaintiff's expenses of litigation, less taxable costs. (*Hassett* v. *Carroll*, 85 Conn. 23, 38, 81 Atl. 1013; *Hanna* v. *Sweeney*, 78 Conn. 492, 494, 62 Atl. 785; *Maisenbacker* v. *Society Concordia*, 71 Conn. 369, 378, 42 Atl. 67.) See cases collected, 38 Corpus Juris, p. 450, Malicious Prosecution, § 103, notes 83, 84; 30 Corpus Juris, p. 1166, Husband and Wife (Criminal Conversation) § 1068, notes 65, 66; *Hargraves* v. *Ballou*, 47 R. I. 186, 131 Atl. 643.

The trial court, in setting aside the verdicts, expressed the opinion that the jury were influenced to return verdicts of such size by their reaction to the plaintiff's story of the defendant's treatment of him immediately following the discovery of defendant's relations with the plaintiff's wife. Whether this is the true explanation and the jury, although presumably correctly instructed as to the assessment of damages, since the charge is not complained of, yielded to an inclination to punish the defendant in addition to compensating the plaintiff for the damages to which he had proven that he was fairly entitled, is not of controlling importance. It is obvious that sympathy, prejudice or other inadmissible considerations or incentives led them to disregard or transgress the rule that should govern the ascertainment of damages, with unwarranted and harmful results which the court was clearly right in setting aside. *Seidler* v. *Burns*, *supra*, p. 116; *Hassett* v. *Carroll*, *supra*, p. 38; *Haight* v. *Hoyt*, 50 Conn. 583.

We think that the trial court should have exercised the discretion vested in it to condition its action, and

the consequent retrials, upon plaintiff's refusal to accept a *remittitur* reducing each verdict to such sum as, in its judgment, would constitute just compensatory damages in each case. "The practice of thus granting a new trial *nisi*, in certain cases where the damages awarded by the verdict are clearly excessive, is a beneficial one to the parties, and is in no sense a usurpation of the functions of the jury. Such an order frequently saves the parties the expense of a second trial. The plaintiff is not compelled to remit the sum suggested by the trial court, but may elect either to submit to a new trial, or to seek, by an appeal to this court . . . to have the order of new trial reversed and judgment rendered for the full amount of the verdict." *Noxon* v. *Remington,* 78 Conn. 296, 300, 61 Atl. 963. This course has been adopted frequently and the practical desirability thereof in all proper cases is increasingly emphasized by the growth in volume of litigation and consequent congestion in the courts.

The remaining question is whether this court should, itself, order acceptance of a *remittitur* in an amount fixed by us, as an alternative of a new trial in these cases. As early as *Baldwin* v. *Porter,* 12 Conn. 473, and frequently since, we have ordered a new trial unless the plaintiff would remit a part of the verdict. Our right to do so in a proper case is undoubted and the desirable end sought to be served is the same as that above suggested concerning similar action by trial courts. *Noxon* v. *Remington, supra.* We think that the circumstances of the present cases warrant the exercise of this right, and the conditioning of new trials upon the refusal of the plaintiff to accede to a reduction of the verdicts to such amounts as we regard as constituting just compensatory damages.

The trial court was not in error in setting aside the verdicts but was in error in not doing so conditionally.

The setting aside of the verdicts shall stand affirmed, in both cases, unless the plaintiff shall, within ten days, file a *remittitur* of $10,000 of the amount of the verdict in case No. 29682 and a *remittitur* of $22,000 of the amount of the verdict in case No. 30329; but if such *remittiturs* are filed, judgment in favor of the plaintiff shall thereupon enter for the remainder, in each case, viz; $10,000 in case No. 29682 and $4,025 in case No. 30329, with costs.

In this opinion the other judges concurred.