WALTER MAGGAY vs. SERGE NIKITKO.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 3d—decided July 18th, 1933.

*William B. Fitzgerald,* for the appellant (defendant).

*Sidney S. Cassel,* with whom was *Michael V. Blansfield,* and, on the brief, *Herman B. Engelman,* for the appellee (plaintiff).

MALTBIE, C. J.   The complaint in this action is in two counts, the plaintiff seeking damages in one for the alienation of his wife's affections by the defendant and in the other for criminal conversation by the defendant with her.   Separate verdicts on the two counts were not asked and the jury returned a general verdict for the plaintiff to recover $4500, from the judgment upon which the defendant has appealed. He claims error in the charge as given and in the failure of the trial court to give certain requests to charge.

The trial court, in instructing the jury as to damages under the first count, charged them that the financial worth of the defendant was immaterial; that the damages awarded should be solely compensatory, unless the jury saw fit to award the plaintiff punitive damages, as to which they were properly instructed; that by damages being compensatory was meant that the plaintiff could only prevail if he had lost a substantial right through wrongful acts of the defendant; in determining the plaintiff's loss the jury should consider the relations which existed between the plaintiff and his wife, whether or not they were cordial and affectionate; and that, even though their relations were strained and no affection existed, the plaintiff might still be deprived of the possibility of affection being renewed.

The gist of an action for alienation of affections is the loss of consortium.   "This is a property-right growing out of the marriage relation and includes the ex-

clusive right to the services of the spouse—and these contemplate not so much wages or reward earned as assistance and helpfulness in the relations of conjugal life according to their station—and the exclusive right to the society, companionship and conjugal affection of each other." *Valentine* v. *Pollak,* 95 Conn. 556, 561, 111 Atl. 869. The plaintiff may be deprived of this right in its entirety or he may lose some substantial part of it. *Foot* v. *Card,* 58 Conn. 1, 18 Atl. 1027. The damages to which he would be entitled depend upon the extent to which the defendant is found to have destroyed or impaired that right and must be measured by the loss thereby incurred, as far as money can measure it. *Noxon* v. *Remington,* 78 Conn. 296, 300, 61 Atl. 963; *Amellin* v. *Leone,* 114 Conn. 478, 159 Atl. 293. The trial court failed to instruct the jury as to the basis upon which they must fix the amount of damages awarded under the first count and the charge was erroneous in this respect.

In another respect the trial court failed to give the jury an adequate charge under the first count. In order to be a basis for a recovery by a plaintiff for the alienation of his wife's affections, the acts of the defendant relied upon, unless they were themselves wrongful, as, for instance, where the alienation results from adultery with the plaintiff's wife, must have been done intentionally, or from an unjustifiable motive, or have been persisted in with knowledge that they were doing or were likely to do a wrong to the plaintiff. *Miller* v. *Pierpont,* 87 Conn. 406, 410, 87 Atl. 785; *Lillegren* v. *Burns Agency,* 135 Minn. 60, 62, 160 N. W. 203; *Hodge* v. *Brooks,* 153 Ark. 222, 228, 240 S. W. 2; 2 Schouler, Marriage, Divorce, etc. (6th Ed.) § 1335; Keezer, Marriage & Divorce (2d Ed.) § 150. While there was evidence of acts upon the part of the defendant open to no other construction than that they were

wrongful and intentional, there was evidence of other acts capable of a quite innocent construction, and it is not possible to know what acts the jury found proven. Under such circumstances, the element of wrongfulness in the defendant's conduct formed so essential a part of the cause of action that the trial court should have charged the jury as to it, even though not requested.

If this action were one for alienation of affections alone, these errors would require a new trial. The plaintiff contends, however, that, as the verdict was a general one, they will not have that effect unless there was error also as to the charge upon the second count. In *Blake* v. *Waterbury*, 105 Conn. 482, 486, 136 Atl. 95, in applying the rule which the plaintiff invokes, we said: "But as the first claimed cause of action was correctly submitted to the jury, and the damages to be awarded would be no more or no less whether the plaintiff prevailed upon one or both, the general verdict makes of no consequence any defect in the submission of the second cause of action to the jury." This statement followed our opinion in *Aaronson* v. *New Haven*, 94 Conn. 690, 697, 110 Atl. 872, where, in a similar situation, we said: "One good and sufficient specification of negligence, to wit, that the defendant neglected to remove the obstruction within a reasonable time after notice, was alleged and supported by credible testimony, and the damages to be awarded are no more or no less whether one or both issues of negligence were found for the plaintiff. That being so, the verdict must stand."

These statements of the rule require as a necessary basis for its application that the damages be the same whether the verdict was for the plaintiff upon one or the other of the counts in the complaint. In *Wolcott* v. *Coleman*, 2 Conn. 324, 338, where we first enunci-

ated the rule, we said that, unless separate verdicts on the counts are requested, "it will be found most convenient in practice to allow the verdict to be given, generally, on all the counts, where they are for the same thing." In *Hoag* v. *Hatch,* 23 Conn. 585, 589, an action for slander, with a general verdict, the first five counts alleged various forms in which certain slanderous words were spoken and there was a sixth count apparently based upon a different slander and, while we held that the verdict should not be arrested upon the first five counts if any of them were sufficient, the fact that the verdict on the sixth count was confessedly good was not considered sufficient in itself to uphold that verdict. In all our cases except one where we have applied the rule the damages would be the same, had the plaintiff proved a cause of action under any one of the counts. See *Ziman* v. *Whitley,* 110 Conn. 108, 112, 147 Atl. 370, and cases cited; *Ireland* v. *Connecticut Co.,* 111 Conn. 521, 526, 150 Atl. 520; *Barbieri* v. *Pandiscio,* 116 Conn. 48, 53, 163 Atl. 469. The exception is the case of *Valente* v. *Porto,* 98 Conn. 653, 119 Atl. 888, which is not in line with our other decisions and which we cannot follow in so far as it would apply the rule we are discussing to cases where the damages recoverable upon different counts would not be the same.

The two counts in this complaint allege separate and independent causes of action which, if proved, require the application of different rules for measuring damages. Under the first, as we have pointed out, the gist of the action is the destruction or impairment of the plaintiff's right of consortium by the wrongful acts of the defendant, and the measure of damages is the amount of money which will fairly compensate the plaintiff for that loss; under the second count, the cause of action is the adultery of the defendant with the

plaintiff's wife, and the damages recoverable are fair compensation to him for the wrong so done him, including such elements as pain, suffering, injury to his health, degradation and humiliation, to which, if properly pleaded, damages may be added as compensation for the loss or impairment of his right of consortium resulting from that adultery. *Valentine* v. *Pollak,* 95 Conn. 556, 561, 111 Atl. 869; *Browning* v. *Jones,* 52 Ill. App. 597, 604; *Bigaouette* v. *Paulet,* 134 Mass. 123, 125; 2 Schouler, Marriage, Divorce, etc. (6th Ed.) § 1342. This situation is somewhat intensified in the present case because, while the second count laid the basis for recovery for a loss of the plaintiff's right of consortium as an element of damage resulting from adultery, the trial court limited the jury in its charge to compensation to him for the adultery itself and his mental anguish, the injury to his health and the degradation resulting from it. To such a situation as this case presents we cannot apply the rule that where there are two or more counts in a complaint and a general verdict is rendered, it will be sustained if there is no error as to one of them.

As the errors in connection with the first count require a new trial, we refer to two matters likely to arise again. The defendant pleaded the statute of limitations to each count. The trial court properly instructed the jury that the counts fell within the statute which fixes a limitation of six years for an action founded upon a tort unaccompanied with force and where the injury is consequential. General Statutes, § 6006; *Bassett* v. *Bassett,* 20 Ill. App. 543, 548. But with respect to the cause of action for alienation of affections, the court instructed the jury that if the defendant's acts, blandishments and seductions continued after six years prior to the date of the beginning of the action it would not be barred by the statute. This

charge, in making the time when the wrongful acts of the defendant occurred the test of the application of the statute, substantially accorded with the defendant's requests to charge. But as the gist of an action for alienation of affections is the loss of consortium, no right of action accrues until such loss occurs. If, prior to six years before the action was begun, the plaintiff's right of consortium had been altogether destroyed, the statute would bar the action; but if, within that period, there was a loss or impairment of that right by wrongful acts of the defendant, the action would lay without regard to the time when those acts took place. *Gooch* v. *Gooch,* 112 Kan. 592, 594, 211 Pac. 621; *Overton* v. *Overton,* 121 Okl. 1, 3, 246 Pac. 1095; *Smith* v. *Lyon,* 29 Ohio Ct. of App. 492, 495; *Rockman* v. *Ritter,* 21 Ind. App. 250; *Disch* v. *Closset,* 118 Ore. 111, 121, 244 Pac. 71; 30 C. J. p. 1128. The plaintiff can recover, however, only for so much of the loss as occurs within that period. See *Knapp & Cowles Mfg. Co.* v. *New York, N. H. & H. R. Co.,* 76 Conn. 311, 316, 56 Atl. 512; *Platt Brothers & Co.* v. *Waterbury,* 80 Conn. 179, 182, 67 Atl. 508.

In both counts the plaintiff alleged a loss of consortium and upon proper proof might have been entitled to recover for that loss under each. In such a situation an instruction to the jury should be given which would warn them against giving damages under both for the same loss, lest the plaintiff recover twice for the same thing. If the plaintiff had been completely deprived of that right before any adultery took place, he could not recover damages for loss of consortium under the second count; but if his loss of it was due in part to wrongful acts of the defendant alleged in the first count and in part to the adultery, he would be entitled to recover under each compensation for the loss due to the acts alleged in it.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.