### JAMES J. CARROLL
#### vs.
### ANTHONY F. CYMERYS

Superior Court        Hartford County        File #56133

MEMORANDUM FILED FEBRUARY 28, 1938.

Francis P. Rohrmayer, of Hartford, for the Plaintiff.

Frederick J. Rundbaken, of Hartford, for the Defendant.

CORNELL, J.   The complaint states facts which constitute an allegation of assault and battery.   It is not possible to detect in the evidence the presence of an actual intent on the defendant's part to injure the plaintiff.   But that is quite unnecessary where the conduct is such as to indicate such a disregard of the consequences of one's action as to be heedless of the injury which it may cause to another.   Where the action is wanton, the law presumes the intent which may, in fact, be lacking and attaches the same consequences to what is done as though it were the result of formulated design.   *Lentine vs. McAvoy,* 105 Conn. 528, 530.

Elements of compensatory damages and the sums respectively allowed for each are as follows: for the injury (which consisted of a dislocated shoulder accompanied with a comminuted fracture of the tuberosity of the humerus) and disability up to April 24, 1937, $300; pain and suffering, accompanying the injury and discomfort attendant upon immobilization, $350; loss of income from January 18, 1937 to April 24, 1937, $300; medical expenses $124.   Nothing is allowed for expenditures made for X-rays because there is no evidence of that item nor for disability after April 24th, since there is no testimony on the point.

Another element of compensatory damages for which allowance must be made (although it is demoninated "punitive" or

"exemplary") (*Hanna vs. Sweeney,* 78 Conn. 492, 494), is the equivalent of the plaintiff's expense in instituting, and prose· cuting the suit, less such taxable costs as go to the prevailing party. *Maisenbacker vs. Society Concordia,* 71 Conn. 369, 378; *Hanna vs. Sweeney,* 78 id. 492; *Malley vs. Lane,* 97 id. 133, 139; *Lentine vs. McAvoy,* 105 id. 528, 531; *Amellin vs. Leone,* 114 id. 478, 482.

No proof of these items was introduced, but such·a condi· tion is not indispensable to the allowance of them. *Bennett vs. Gibbons,* 55 Conn. 450, 452; *Craney vs. Donovan,* 95 id. 482, 484; *Malley vs. Lane,* 97 id. 133, 139; *Amellin vs. Leone,* 114 id. 478, 482. It is found here that a reasonable attorney's fee for the preparation and presentation of the plaintiff's cause is $200.00, and a fair estimation of taxable costs collectible by plaintiff, $75.00, making a net allowance to plaintiff for this element, of $125.00.

Judgment may, hence, enter in plaintiff's favor to recover of defendant, the sum of $1,199.00.