SHANNON, Judge.
Love Realty Corp., plaintiff-appellant, filed its complaint in the lower court to recover a misappropriated brokerage commission from the defendant-appellee, a former employee of the plaintiff. The complaint alleged that the defendant, while in the employ of the plaintiff, negotiated a contract of sale whereby Thomas F. Hazel-ton and Mary E. Hazelton, his wife, would sell certain property to the West Hollywood Chamber of Commerce. This contract provided that the vendors would pay a $2,000.-00 brokerage fee, of which the defendant *533 would receive $1,200.00, and the plaintiff the remaining $800.00. The defendant subsequently left the employ of the plaintiff and went into business for himself as a real estate broker. Shortly thereafter, he approached the vendors and induced them to cancel the original contract and enter into a new one, pursuant to which he would obtain the entire $2,000.00 brokerage fee. The purchasers under the new contract were to be John Jirik and Clara E. Jirik, his wife. This contract was substantially the same as the old contract, and eventually the real estate was deeded to the West Hollywood Chamber of Commerce for the same price. The defendant, however, collected the entire $2,000.00.
During the course of the jury trial, the testimony for the plaintiff clearly showed that it was entitled to but $800.00 of the brokerage fee. Nevertheless, the jury returned a verdict in the amount of $2,000.00 in favor of the plaintiff. Upon motion of the defendant, the lower court granted a new trial. The new trial order stated, in part:
“ * * * The uncontroverted testimony of the parties was that the Plaintiff would only have received the sum of $800 as its share of the commission on the sale, and this was from the testimony of Plaintiff’s own witness, David Adamson, President of the Plaintiff corporation. Also, there was no evidence that this alleged agreement between Thomas F. Hazelton and Mary E. Hazelton and the West Hollywood Chamber of Commerce on or about December 16, 1958 was still in force and effect on or about January 13, 1960.”
From the foregoing order it is seen that the lower court granted a new trial upon two grounds: (1) that the verdict was excessive; and (2) that there was no evidence that the original agreement was in force. The question on this appeal is whether the court properly granted a new trial on such grounds.
In Cloud v. Fallis, Fla.1959, 110 So.2d 669, our Supreme Court held:
“Inasmuch as such motions are granted in the exercise of a sound, broad discretion the ruling should not be disturbed in the absence of a clear showing that it has been abused. Dent v. Margaret Ann Super Markets, Fla., 52 So.2d 130; Geffrey v. Langston Const. Co., Fla., 58 So.2d 698; Pyms v. Meranda, supra [Fla., 98 So.2d 341] ”
However, this was after the court had laid down the rule that the lower court should generally grant a new trial only when the verdict was against the manifest weight of the evidence, and when “ * * * the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record, * * In the instant case, after a reading of the record and transcript, no such showing is made, and there is no such finding by the trial court. We believe that, as to the second ground for new trial, there was clearly a sufficient conflict in the testimony for the jury to find as it did, and that such ground for a new trial has no merit.
As to the amount of the jury verdict, the lower court was absolutely correct in finding it to be excessive. However, we feel that the court erred in granting a new trial instead of ordering a remittitur. This is the established practice, as recognized by our Supreme Court in Great American Ins. Co. v. Suarez, 1932, 107 Fla. 705, 146 So. 644:
“In cases where some legal liability is shown by the record brought here on writ of error, but it is plainly apparent from that same record that under no circumstances could the court justifiably under the law uphold the amount of damages allowed by the jury in that particular case, without better or additional proof on a new trial, which better or additional proof may, or may not, be available to be offered by the *534 plaintiff, should a new trial be had, the practice here is in general to affirm the judgment as to the liability shown, and permit a voluntary remittitur by the prevailing party to purge the judgment of obviously excessive damages, provided the plaintiff wishes to pursue that course, instead of suffering a new trial to fix an amount of damages that would be supported by the record. This carries out the constitutional mandate to the courts to administer justice speedily and without delay, by permitting cases to be concluded promptly without waiting for a new trial if prevailing plaintiff below is willing to accept what the Court indicates is the maximum amount of damages he can recover without submitting to a new trial and offering better or additional proof on the subject of his damages.”
It is noted that the court in the Suarez case was concerned with a slightly different factual situation than herein, i. e., in that case the defendant was appealing from an excessive verdict, and the Supreme Court ordered a conditional affirmance; here, the plaintiff is appealing from a new trial order which was based on an excessive verdict. Nevertheless, the principles are the same, and we hold that the lower court abused its discretion by not ordering a remittitur.
A similar situation arose in the Supreme Court of Errors of Connecticut in the case of Doroszka v. Lavine, 1930, 111 Conn. 575, 150 A. 692, 69 A.L.R. 1279, where the lower court granted a new trial on the grounds of an excessive verdict. The appellate court discussed the desirability of the lower court’s entering a remittitur instead of simply granting a new trial, concluding that “ * * * [t]his course has been adopted frequently, and the practical desirability thereof in all proper cases is increasingly emphasized by the growth in volume of litigation and consequent congestion in the courts.” The court then arrived at what proves to be the ultimate issue in the instant case: • ■ 1
“The remaining question is whether this court should, itself, order acceptance of a remittitur in an amount fixed by us, as an alternative of a new trial in these cases. As early as Baldwin v. Porter, 12 Conn. 473, and frequently since, we have ordered a new trial unless the plaintiff would remit a part of the verdict. Our right to do so in a proper case is undoubted, and the desirable end sought to be served is the-same as that above suggested concerning similar action by trial courts.. Noxon v. Remington, supra [78 Conn. 296, 61 A. 963]. We think that the-circumstances of the present cases warrant the exercise of this right, and the conditioning of new trials upon the refusal of the plaintiff to accede to a reduction of the verdicts to such amounts as we regard as constituting just compensatory damages.
“The trial court was not in error insetting aside the verdicts, but was in error in not doing so conditionally.
“The setting aside of the verdicts-shall stand affirmed, in both cases, unless the plaintiff shall, within ten days, file a remittitur * *
See O’Connor v. Papertsian, 1956, 309 N.Y. 465, 131 N.E.2d 883, 56 A.L.R.2d 206, where the court held: “At the end of a jury.trial, when the defendant moves to-set aside the verdict as excessive and requests a new trial, the court may grant such-a motion. Upon appeal the appellate court, may reverse the trial court upon condition that the plaintiff agree to take a lesser sum. * * * ” See also, 5 Am.Jur.2d, Appeal and Error, Sec. 939.
We feel, as did the court in the Doroszka. case, that the lower court erred, not insetting aside the verdict, but in failing to-do so conditionally. The foregoing authority has clearly shown the necessity and desirability of such a conditional verdict.
The decision of the lower court is affirmed, unless the plaintiff, within ten (10)> *535 •days after the mandate issues, files a remit-titur of $1,200.00.
Affirmed conditionally.
ALLEN, Acting C. J., and McDONALD, PARKER LEE, Associate Judge, concur.