PEARSON, Chief Judge.
The appellants were the plaintiffs in the trial court. They appeal from an order granting a new trial upon the issue of damages only. The trial judge set forth the grounds for the new trial as “the Court is on the opinion that the verdict of the jury was so grossly excessive as to shock the judicial conscience of the Court and could be based only on conjecture and guesswork.” Appellant seeks the reinstatement of the jury verdict upon three points: (1) the record does not support the court’s finding that the judgment is excessive; (2) the record does not support the finding of the court that the verdict could only have been based upon conjecture and guesswork; (3) the trial court committed reversible error when upon finding that the verdict was excessive it did not enter a remittitur.
An order granting a new trial comes to this court clothed in a strong presumption of correctness. Cloud v. Fallis, Fla.1959, 110 So.2d 669; City of Clearwater v. McClury, Fla.App.1963, 157 So.2d 545. Where the ground given by the trial judge is that of excessiveness of the verdict, the appellant has the burden of overcoming this presumption by demonstrating from the record that the trial judge greatly abused his discretion. See Clark v. Russo, Fla.App. 1961, 133 So.2d 764. The appellants here have not met that burden.
Appellants also urge that the trial court erred by not ordering acceptance of a remittitur as an alternative to the granting of a new trial on the issue of damages. See Love Realty Corp. v. O’Brien, Fla.App. 1964, 162 So.2d 532 But in the instant case the trial judge found that the evidence as to damages was speculative. Furthermore the amount of excess does not clearly appear from the record. In such circumstances we cannot say that it was error for the court to refuse to enter a remitti-tur. Cf. De La Vallina v. De La Vallina, 90 Fla. 905, 107 So. 339 (1926).
Accordingly the order granting a new trial is affirmed.