[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE THIRD THROUGH SIXTH COUNTS, INCLUSIVE, OF PLAINTIFFS' COMPLAINT
The plaintiffs, Elizabeth Curtis Williams, her husband Jay Williams and their four children, brought this six count complaint against the defendant alleging negligence in the operation of an automobile which caused an accident resulting in injury to the plaintiff wife-mother. The third through sixth counts seek damages for loss of parental or filial consortium by the four children, one of whom, Katherine, was born one month after the accident. The other three were not passengers in the mother's vehicle. In the view this court takes of the case, it is unnecessary to view Katherine's claim separately, as she sustained no prenatal injuries. The defendant moves to strike the third through sixth counts of the plaintiff's complaint, inclusive, CT Page 816 claiming that Connecticut does not recognize a cause of action for loss of parental or filial consortium. The parties filed memoranda of law and the court heard argument.
A motion to strike is a means by which to challenge the legal sufficiency of a pleading Mingachos v. CBS, Inc.,196 Conn. 91, 109 (1985).
Connecticut now recognizes a cause of action for loss of spousal consortium. The term "consortium" is usually defined as encompassing the services of the wife, the financial support of the husband and the variety of intangible relations which exist between spouses living together in marriage." Hopson v. St. Mary's Hospital,176 Conn. 485, 487 (1979), overruling Marri v. Stamford Street R. Co., 84 Conn. 9 (1911). "These intangible elements are generally described in terms of affection, society, companionship and sexual relations . . . [and] have also been defined as the constellation of companionship, dependence, reliance, affection, sharing and aid which are legally recognizable, protected rights arising out of the civil contract of marriage," id., 487. (internal quotation marks and citations omitted, emphasis added). See also General Statutes 52-555b which defines loss of spousal consortium in the context of a wrongful death action to include, without being limited to, ". . . loss of the society of, affection of, moral support provided by, services provided by, sexual relations with or companionship of the other spouse. . . ."
No appellate court has squarely addressed the issue of whether a cause of action lies for loss of parental or filial consortium. Mahoney v. Lensink, 17 Conn. App. 130,141. n. 7 (1988), (reversed in part on other grounds)213 Conn. App. 548 (1990). However, the Appellate Court has stated, in the context of a parent's claim for loss of consortium in a statutory wrongful death action for the death of their son, "Moreover, the plaintiffs' consortium claim is for loss of filial, rather than spousal consortium. The right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship." Id., 141. On granting certification to both parties to appeal, our Supreme Court specifically noted that no challenge was made to the Appellate Court's ruling on the plaintiff's claim of loss of filial consortium, and that the judgment was therefore final. CT Page 817 Mahoney, supra, 551, n. 5.
The majority of the trial courts which have visited this issue declined to recognize such a cause of action. Finley v. Masiello Bus Co., 7 CSCR 1357 (December 21, 1992, Rush, J.); Reardon v. Middlesex Memorial Hospital,7 Conn. L. Rptr. 11, 299 (October 5, 1992, Hendel, J.); O'Mazo v. Sousa,7 Conn. L. Rptr. 2, 62 (August 3, 1992, Langenbach, J.) Michaud v. St. Mary's Hospital, 4 Conn. L. Rptr. 17, 577 (September 9, 1991, Byrne, J.); Livingston v. Avery Center Obstetrics and Gynecology, 1 Conn. L. Rptr. 464 (April 19, 1990, Meadow, J.). Seger v. Dunne, 3 CSCR 233 (1988, Hennessy, J.). Shattuck v. Gulliver, 40 Conn. Sup. 95
(1984, Pickett, J.). Clark v. Romeo, 561 F. Sup. 1209 (D.Conn. 1983) and Hinde v. Butler, 35 Conn. Sup. 292 (1979). But see, Kizina v. Minier, 5 Conn. L. Rptr. 18, 481 (February 7, 1991, Santos, J.) and Henderson v. Micciche,6 Conn. L. Rptr. 11, 317 (May 1, 1992, Murray, J.).
The Restatement (Second) of Torts also does not recognize such a claim.
"One who by reason of his tortious conduct is liable to a parent for illness or other bodily harm is not liable to a minor child for resulting loss of parental support or care." Restatement (Second) of Torts, 707A.[1]
This court concludes that this great weight of authority is persuasive; this is especially so, when the foundation of spousal consortium claims in Connecticut has been the civil contract of marriage. Therefore, until a cause of action for parental or filial consortium is recognized by an appellate court or created by the legislature, this court does not acknowledge of the right of a child to bring such an action.
Accordingly the defendant's motion to strike is granted as to the third through sixth counts, inclusive, of the plaintiff's complaint.
Teller, J.