[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff has brought this action on behalf of his minor son based on injuries he claims his son sustained due to the presence of lead paint in their rental apartment. Count II of the complaint is based on the plaintiff father's loss of consortium due to his son's injuries. The defendant has moved to strike Count II of the plaintiff's complaint in its entirety.
Consortium claims arise, historically, from the property right of a master in his servant. The claim then expanded to the marital relationship, insofar as a husband could recover for the lost services of his wife. Originally, a man could recover only for the lost labor of his wife; eventually the consortium concept was expanded to include recovery for a wife's society, affection, and sexual relation in Hopson v. St. Mary's Hospital, 176 Conn. 485
(1979). The cause of action has since been extended to a wife's loss due to her husband's injury.
A cause of action based on the loss of consortium in a parent-child relationship can, in some ways, be analogized to the marital relationship. A father historically was deemed to have a chattel interest in the services of his child, and was entitled to recover the monetary value of these services if the child was injured due to the actions of another. McGall v. National 
Providence Worsted Mills, 53 A. 320 (1902). This is the same historical basis as that found in marital consortium claims.
The Hopson court went further and provided a claim for the loss of the "legal recognizable protected rights arising out of the civil contract of marriage." Hopson, at 487. Similarly, the parent-child relationship gives rise to legally recognized and protected rights. As the court pointed out in Buchholz's Appeal from Probate, 9 Conn. App. 413, 418 (1987), "the special bond between parent and child poses a unique relationship in which the CT Page 6956 natural rights and status of a parent are recognized in law." Indeed, the United States Supreme Court has repeatedly held that the interest of parents in their children is a fundamental constitutional right. Stanley v. Illinois, 405 U.S. 645, 651,92 S.Ct. 1208 (1972). A parent's interest in the welfare of his or her child is legally different than any other familial relationship in this constitutional protection. McGaffin v. Roberts,193 Conn. 393, 400, 479 A.2d 176 (1984), cert. denied, 470 U.S. 1050,105 S.Ct. 1747, 84 L.Ed.2d 813 (1985); Quilloin v. Walcott, 434 U.S. 246, 255, 98 S.Ct. 549, 54 L.Ed.2d 511, reh. denied, 435 U.S. 918, 98 S.Ct. 1477, 55 L.Ed. 511 (1978).
As the court noted, in Buchholz's Appeal, supra, at 419, "a parent has a constitutionally protected right to the companionship, care, custody, and management of his child." (emphasis added) Weinberger v. Weisenfeld, 420 U.S. 636, 652
(1975); Stanley v. Illinois, supra. It is difficult to rationalize why rights protected by the legal contract of marriage should give rise to a consortium claim, while rights which are constitutionally protected should not.
Nationwide, twenty-nine jurisdictions have directly confronted a parental claim for loss of fillial consortium; Eighteen have denied the cause of action, eleven recognize it.[1]
Those not recognizing the claim must often rely on rationale rejected in Hopson (double recovery, assessment of damages, etc). Those recognizing the claim have most often noted the special status the law provides for the parent-child relationship.
In Connecticut, marital consortium claims were created by judicial action in Hopson. Our state constitution reguires [requires] judicial remedy for injury. Conn. Const. Art. I, 10. Therefore, after reviewing the authority from other jurisdictions, the Superior Court cases rejecting a parental claim (which place heavy emphasis on the need for a marital relationship),[2] and the rationale of the Hopson decision, cases securing the protection of the parent-child relationship, the court finds that a parental claim based on filial consortium is cognizable. The motion to strike is denied.
Elaine Gordon, Judge