[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs have filed this medical malpractice action by Writ, Summons and Complaint dated May 6, 1994. The plaintiffs then filed an Amended Complaint on September 30, 1994.
One defendant, Bristol Hospital, filed a Motion to Strike Counts 6 and 8 of the Complaint. Said motion was denied CT Page 12646 by the court and a Motion to Reargue has been filed.
Another defendant, Marc Doura, M.D., has also filed a Motion to Strike. Said motion seeks to strike Counts 4 and 7 of the Complaint. Counts 6, 8, 4 and 7 seek recovery for parents loss of consortium as a result of the death of their minor child.
Said Motion to Strike has caused this court to reconsider and re-review the law in the area of non-spousal consortium claims.
The court is impressed with the well reasoned opinions of Judge Gordon in Sliney v. Denisouko, 8 CSCR 887 and Judge Santos in Kozina v. Minier, 5 Conn. L. Rptr. 481.
However, there is no statutory provision for recovery for loss of parental or filial consortium. Wright v. AnesthesiaAssociation of New Haven, 10 Conn. L. Rptr. No. 13, 428 (January 17, 1994) (Hodgson, J.).
Moreover, the majority of Superior Court decisions have held that there is no cause of action for consortium arising out of the parent-child relationship regardless of whether a wrongful death action is brought. In Rodriguez v. Bristol HousingAuthority, 9 CSCR 419, Judge Berger set forth the following reasons for this refusal among many courts to recognize the, cause of action:
 "[T]he term `consortium' is usually defined as encompassing the services and/or the financial support of a spouse, and the variety of intangible relations which exist between spouses living together in marriage." (Emphasis in original.) Champagne v. Raybestos-Manhattan, 212 Conn. 509, 553 (1989), quoting Hopson v. St. Mary's Hospital, 175 Conn. 485, 487 (1979). Moreover, in Mahoney v. Lensink, 17 Conn. App. 130, 141 (1988), rev'd on other grounds, 213 Conn. 548
(1990), the court stated that "the right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship. "
The majority of Superior Court decisions have refused CT Page 12647 to recognize claims for filial consortium absent legislative or appellate authority.
Therefore on re-review, this court now concludes that a cause of action for loss of parental or filial consortium is without legislative or appellate court authority.
Accordingly, the Motion to Strike Counts 6, 8, 4 and 7 of the Complaint is granted.
ROBERT F. STENGEL JUDGE, SUPERIOR COURT