[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (#105)
On November 13, 1995, the plaintiff, George D. Davis, in his individual capacity and as parent and next friend of minor plaintiffs Joshua and Jessica Davis, filed a nine count complaint against the defendant, Donna L. Davis, his former wife and the mother of the two children, for alleged injuries arising out of a fire set by the defendant. According to the complaint, on December 30, 1994, the defendant maintained sole custody of the two children and the three resided at a home in Clinton. On that date, the defendant allegedly set fire to that home in which the children were sleeping. The defendant then left the home without warning or waking the children. They were eventually awakened by a fire alarm, however, and were able to escape to a neighboring home. As a result of the incident, the children have allegedly sustained a variety of emotional injuries. CT Page 2030
In count seven of the complaint, George Davis seeks to recover for the loss of consortium of his children. On January 4, 1996, the defendant filed a motion to strike that count on the ground that Connecticut does not recognize a cause of action for loss of' filial consortium. The plaintiffs argue in opposition, however, that the claim states a valid cause of action.
"A motion to strike challenges the legal sufficiency of a pleading. Minqachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). In reviewing the granting of a motion to strike, we take the facts alleged in the plaintiff's complaint and construe the complaint in the manner most favorable to the plaintiff. Mozzochiv. Beck, 204 Conn. 490, 491, 529 A.2d 171 (1987). This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Westport Bank Trust Co. v. Corcoran,Mallin Aresco, 221 Conn. 490, 495-96, 605 A.2d 862 (1992).
The supreme court has not yet addressed the issue of whether a cause of action for loss of consortium arising out of the parent-child relationship exists. The appeals court has, however, stated in dicta that "[t]he right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship. " Mahoney v. Lensink, 17 Conn. App. 130,141, 550 A.2d 1088 (1988), rev'd on other grounds, 213 Conn. 548,569 A.2d 518 (1990), citing Hopson v. St. Mary's hospital,176 Conn. 485, 487, 408 A.2d 260 (1979). That court specifically noted, however, that "[n]o appellate court case has yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies." Id., 141 n. 7.
In the absence of any binding appellate precedent, there currently exists a split among the Superior Court decisions that have considered the issue. Although the majority of courts have declined to recognize a cause of action for the loss of filial consortium, at least two courts have found such claims to be cognizable. See, e.g., Scalise v. Bristol Hospital, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 525217 (July 6, 1995, Corradino, J.,14 Conn. L. Rptr. 534);Sliney v. Denisanko, Superior Court, judicial district of New Haven at New Haven, Docket No. 334928 (August 6, 1993, Gordon, J., CT Page 20318 CSCR 887). This court finds the reasoning set forth in these two decisions to be persuasive. Accordingly, the defendant's motion to strike count seven of the plaintiffs' complaint is denied.
BY THE COURT:
STANLEY, J.