[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED MAY 9, 1997
Once again a Connecticut superior court is called upon to strike the consortium claim of a parent whose minor child is said to have been injured by negligence.[1]
A review of the trial level cases[2] has persuaded this court that the cause of action is properly cognizable. No appellate opinion squarely determines the question. Indeed, it has been specifically noted to be open.[3]
This conclusion is limited in at least three regards: the son or daughter of the parent claiming loss of consortium must have been a minor when the harm ensued; and, the parent's loss is compensable only throughout the duration of the injured child's minority;[4] and the injury to the child must be serious.
This court is well aware that expansions and contractions of the common law are singularly the work of our Supreme Court or the Appellate Court. A trial court is thus left to stare decisis alone or to a prospective determination of what the law of our state will be when the very case at bar is finally adjudged. It is the court's opinion that the line-drawing most likely to occur in this case would embrace the above limitations.
One begins with the appreciation that this door was opened, if today's result not foreordained, with the sound rationale ofHopson v. St. Mary's Hospital, 176 Conn. 485 (1979). There, it was held that "either spouse has a claim for loss of consortium shown to arise from a personal injury to the other spouse caused by the negligence of a third person . . ." Id. at 496.
A portion of Hopson's reasoning strikes one as especially compelling: "In short, the effect of . . . [Marri v. StamfordStreet R. Co., 84 Conn. 9 (1911)] (the case Hopson was to overrule) is to deny the existence of any harm where harm is most CT Page 5012 assuredly expected." Id. at 493. Upon noting that a tortfeasor takes his victim as he finds him, Hopson states: "Should the victim be married, it follows that the spouse may suffer personal and compensable, though not physical, injuries . . . and that such injuries should not go uncompensated." Id.
The quoted language shows the existence and clarity of the court's having been influenced by the likelihood, indeed, certainty of harm to the spouse. It seems as clear to this court that to injure a minor child is as foreseeably likely to wound the parent as would occur in the spouse-to-spouse context.
Certainty and/or likelihood aside, the magnitude of the injury also withstands comparison. In the Hopson language most frequently quoted, "the mental and emotional anguish caused by seeing a healthy, loving, companionable mate turn into a shell of a person is undeniably a real injury. Moreover, an injury to one's spouse may turn a happily married man or woman into a lifelong nurse and deprive him or her of an opportunity of having children and of raising a family." Id. The court finds it impossible, on a scale weighing gravity of harm, to see a parent's suffering as of lesser significance.[5]
Another Superior Court opinion holding filial consortium claims cognizable espoused the notion that the parent-child relationship holds an equally esteemed position as that between spouses, such as that parental interests and rights as to children are of constitutional dimension, albeit in other contexts. Sliney v. Denisanko, 9 CONN. L. RPTR. 537, 8 CSCR 887, Judicial district of New Haven, Docket No. 334928 (August 9, 1993) (Gordon, J,).[6]
It is inexorably so that our society and public policy now clearly honor and protect the parent-child relationship as fully, if not more so, than the interspousal one. As obviously, the nurturance of children approaches or rises to the level of marital bliss as the essence of family life.
There is little conceptual space above parent-child level into which one might elevate society's concern with interspousal interests in this era of no-fault divorce.
While some of the Superior Court cases to the contrary rely on erstwhile necessity of a marriage to a consortium claim, the various elements of consortium, save one, conjugal relations, are CT Page 5013 present, too, between parent and child. The Hopson court noted that "these intangible elements" include "affection, society, companionship and sexual relations," and "dependence, reliance, affection sharing and aid." 176 Conn. at 478.[7] Perhaps this notion was best put by Judge Corradino when he wrote "the reasoning Hopson relied upon makes it difficult to see how our state can logically recognize claims of loss of spousal consortium but not of parental loss of filial consortium."Scalise v. Bristol Hospital, Docket No. 93-0525217, 14 CONN. L. RPTR. 534 (July 6, 1995) (Corradino, J.).
Each of the Superior Court cases so far cited preceded the Supreme Court's holding in Clohessy v. Bachelor, 237 Conn. 31
(1996). This court therefore felt it necessary to determine whether the Clohessy result undercut the notion that filial consortium must be cognizable in Connecticut.
The Clohessy decision permits a bystander, if a parent or sibling, to recover of a tortfeasor for negligent infliction of emotional distress arising out of the fatal injuries suffered by the parent's other child. The court set several limitations into place, the first of which is germane here.[8]
This court has determined that there is more consistency than contradiction in the co-existence. To rule that Clohessy bars today's LeBlanc prospective result would be to suggest that a sibling has greater general recovery rights than a parent, simply because the sibling was a direct sensory witness and the parent was not. Additionally, the allowance of the sibling into the circle bespeaks an intention in our Supreme Court to expand, with restrictions, the rights of the indirect, but seriously harmed victim.[9]
Finally, as to Clohessy, the court perceived the duty owed to certain bystanders regarding their emotional distress because of the reasonable foreseeability thereof. This court feels that the consortium harm a parent will suffer due to the serious injury of a minor child is even more, or at least as clearly, foreseeable as the serious bystander emotional injury required by Clohessy.
The Clohessy bystander distress holding, therefore, poses no obstruction to this result but rather lights its way. The filial consortium injury is sufficiently different in nature that they should each reside in our law.[10]
CT Page 5014
Finally, this court feels that with this particular claim, the interests of judicial economy suggest that this claim go to trial and then to its Appellate fate. Likely but a single witness or two would address this claim. A jury rejection likely ends that aspect. Striking this claim now would require a new trial before a new jury were this claim to be honored only after appeal.
The motion to strike is denied.
NADEAU, J.