[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, an employee of the City of Hartford, brings this action against the City of Hartford seeking benefits for uninsured-underinsured coverage under the self insured statute for motor vehicle insurance applicable to the City of Hartford as a self insurer.
The defendant pleads, by way of Special Defense dated May 2, 1997, that the action is barred by General Statute § 31-284a
since the defendant is self insured for uninsured motorist benefits and since it has already paid Workers Compensation Benefits to the plaintiff.
The defendant moves to strike this special defense.
The Supreme Court considered, in Reliance Ins. Co. v.American Casualty Ins. Co. of Reading, Pennsylvania,238 Conn. 285, that by virtue of Public Act 93-297 an employee is not CT Page 6490 barred from recovery uninsured motorist coverage under the employer's policy by virtue of a defense of exclusivity of the Workers Compensation Act, General Statute § 31-284, et seq.
The Supreme Court acknowledges that Public Act 93-297 was in direct response to the Supreme Court decision of C.R.A. Ins. Co.v. Coleman, 222 Conn. 269, which had determined that General Statute § 31-284 was a bar to the uninsured motorist claim.
The defendant further argues that Public Act 93-297, the remedial statute on this subject, does not apply to self insurers but rather only applies to coverage offered under an outside insurance company policy. The defendant does not advance a reason for this position which comports with either logic or any rational concept of public policy.
The Supreme Court, in Bouley v. Norwich, 222 Conn. 744 (1992) acknowledges that the provisions of General Statute § 33-327 allows parties to be self insured upon furnishing to the Commissioner proof of "financial arrangements, deposits or commitments" to meet the basic requirements provided by this chapter. Also that General Statute § 38-175c requires provisions for uninsured motorist coverage. Further that municipalities uniquely, may by statute "provide security" by filing with the commissioner "a notice that it is a self insurer." See Bouley v. Norwich, supra, 748, footnote 6.
This court can discern no distinction between the methods of providing mandatory uninsured motorist benefits which would be based upon the means of funding those benefits, whether through a private insurance company policy, an approved financial arrangement, or through funding from the general funds of the municipality. Nor can the court perceive a reason to deprive municipal employees of those benefits which, under Public Act 93-297, are required to be available to the employees of all other employers.
As concerns questions of what shall be the finite terms of the coverage, which may in some respects vary amongst private policies, that matter is not before this court and would have to be addressed in some other fashion. Any such questions do not go to the efficacy of the special defense as pleaded, or to the motion to strike.
The plaintiff's motion to strike the special defense of the defendant City of Hartford is granted. CT Page 6491
SULLIVAN, L., J.