[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 1, 1997
The plaintiff, Richard Ligi, acting as administrator for the estate of his son, Richard Ligi, Jr., filed a two-count complaint on June 12, 1996, against the defendants Michael Poveromo, General Motors Acceptance Corporation (GMAC) and Loehmann-Blasius CT Page 7625 Chevrolet, Inc. In the complaint, the plaintiff alleges that on June 1, 1995, Richard Ligi, Jr., a passenger in a car driven by the defendant Poveromo and owned by either of the other two defendants, died as a result of Poveromo's negligent and reckless driving. On April 4, 1997, the plaintiff filed an amendment to the complaint, adding a third count, sounding in filial consortium, and a fourth count, alleging bystander emotional distress.
On April 17, 1997, the defendant Poveromo moved to strike the third count of the plaintiff's complaint on the ground that filial consortium is not a recognized cause of action in Connecticut. The court (Stodolink, J.) granted this motion on May 12, 1997.
On April 30, 1997, the defendant GMAC filed the present motion to strike the third and fourth counts of the plaintiff's complaint, along with a memorandum of law. In its memorandum, the defendant argues that filial consortium is not a recognized cause of action in Connecticut and that the plaintiff has not alleged facts of serious emotional injury sufficient to support the count of bystander emotional distress.
"`The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff.'" (Citations omitted.) Faulknerv. United Technologies Corp. , 240 Conn. 576, 580, (1997), quoting Waters v. Autuori, 236 Conn. 820, 825-26,676 A.2d 357 (1996). For the purposes of a motion to strike, facts in the complaint "includes the facts necessarily implied and fairly provable under the allegations." Forbes v. Ballaro,31 Conn. App. 235, 239, 624 A.2d 389 (1993).
The motion to strike the third count of the complaint is granted because there is no appellate authority in Connecticut recognizing a cause of action for filial consortium. See Floresv. Danbury Hospital, Superior Court, judicial district of Danbury at Danbury, Docket No. 32 02 03 (February 9, 1996) (Moraghan, J.).
A cause of action for bystander emotional distress was recognized relatively recently in Clohessy v. Bachelor,237 Conn. 31, 675 A.2d 852 (1996). In that case, the Supreme Court set CT Page 7626 forth the four conditions under which a bystander may recover damages for emotional distress: "(1) he or she is closely related to the injury victim, such as the parent or the sibling of the victim; (2) the emotional injury of the bystander is caused by the contemporaneous sensory perception of the event or conduct that causes the injury, or by arriving on the scene soon thereafter and before substantial change has occurred in the victim's condition or location; (3) the injury of the victim must be substantial, resulting in his or her death or serious physical injury; and (4) the bystander's emotional injury must be serious, beyond that which would be anticipated in a disinterested witness and which is not the result of an abnormal response." Id., 56.
In the present action, the plaintiff alleges that he is the father of the victim and is also a police officer in Ridgefield. The plaintiff alleges that on June 1, 1995, he was called to investigate the collision in which his son was injured and observed his son still in the crashed vehicle. The plaintiff further alleges that his son died as a result of the injuries. Consequently, the plaintiff has sufficiently met the first three conditions of the Clohessy test.
It is the fourth condition, that the plaintiff's emotional injury be serious, that the defendant argues the plaintiff has not sufficiently plead. "`Serious emotional distress, of course, goes well beyond simple mental pain and anguish. Compensation for mental pain and anguish over injury to a third person should only be allowed where the emotional injury is both severe and debilitating . . . .'" Clohessy v. Bachelor, supra, 237 Conn. 56, quoting Lejeune v. Rayne Branch Hospital, 556 So.2d 559, 570 (La. 1990). In the fourth count, the plaintiff alleges that, because of his witnessing the scene of his son's injuries, he "has suffered mental anguish, pain and suffering." While the plaintiff has not laid out specific examples of his anguish, by alleging that he is the victim's father, the plaintiff has "set forth facts sufficient to give rise to an implication that [he] suffered a reaction beyond the normal response of a disinterested witness, since appropriate implications are to be recognized in the context of a motion to strike." Shabazz v. Price, Superior Court, judicial district of New Haven at New Haven, Docket No. 353764, 11 CONN. L. RPTR. 334 (April 18, 1994) (Hodgson, J.). See also Forbes v. Ballaro, supra, 31 Conn. App. 238-39. Moreover, "cases where the injury or death of a child is witnessed by a parent . . . is the strongest and classic case for permitting recovery for bystander emotional distress. . . ." Courchesne v.Dickau Bus Co., Inc., Superior CT Page 7627 Court, judicial district of Hartford/New Britain at Hartford, Docket No. 527989, 11 CONN. L. RPTR. 463 (May 5, 1994) (Corradino, J.). As such, the defendant's motion to strike the fourth count of the complaint is denied.
STODOLINK, J.