[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed August 18, 1997
The plaintiffs, Amandio Maria O. Sousa, individually and as parents of their minor Michael Sousa, bring the present action against the defendants, Susan Soares Jose Soares ("Soares defendants"), Charlie Nieves and Colonial Toyota. In their complaint the plaintiffs allege that on or about May 8, 1996, the minor plaintiff Michael Sousa was a passenger in a car being driven by the defendant Susan Soares, and was injured when that vehicle struck a vehicle driven by the defendant Nieves. The third count brought as to the parents only, alleges a claim for loss of filial consortium (par 23(a), a claim for emotional distress (Par 21), and a claim for medical reimbursement (Par 23(b)).
The defendant seeks to strike the plaintiffs' claim for filial consortium and emotional distress. The defendants previously sought to compel the plaintiff to revise count three of their complaint to separate the different causes of actions into different counts. In the plaintiffs objection to the request to revise he stated that "there is no reason to separate when a motion to strike can be targeted to a paragraph in a complaint." The plaintiff's objection was sustained. (Motion # 113.) Cognizant of those cases which hold that if any part of a count states a legally sufficient cause of action, then that count is not subject to a motion to strike. Fargo v. Pfizer, Superior Court Judicial District of New London, Docket No 524911 (May 18, 1993) (Teller, J.), Frank v. Zdanis, Superior Court, Judicial District of Waterbury, Docket No. 103904 (October 20, 1992) (Blue J.), and faced with an enforceable claim for reimbursement of medical expenses which is alleged in count three, the court will consider in this case striking unenforceable paragraphs of count three as the plaintiff has invited.
The function of the motion to strike is to test the legal sufficiency of a pleading. Constructors. Inc. v. Fusco Corp. 231 Conn. 381, 384, 650 A.2d 153 (1994). The motion to strike is appropriate when challenging the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Practice Book § 152; Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996). "The sole inquiry [required of the court when addressing a motion to strike] is whether the plaintiffs allegations, if proved, state a cause of action." CT Page 12630Levine v. The Bess and Paul Siegal Hebrew Academy of GreaterHartford, 39 Conn. Sup. 129, 132, 471 A.2d 679 (1983). The facts alleged in the complaint are to be construed by the trial court in the most favorable way for the plaintiff. Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992); Amodio v. Cunningham, 182 Conn. 80, 82, 438 A.2d 6
(1980).
As to the claim made in paragraph 21 of the third count regarding emotional distress of the plaintiff parents, the plaintiff seems to have abandoned this claim at oral argument. In any event the court will address this issue since it is alleged in the third count. The plaintiff has not alleged nor does he argue that the parents were bystanders to the event causing the injury. In order for the parents to recover for emotional distress they must be bystanders as defined in Clohessy v.Bachelor, 237 Conn. 31, 675 A.2d 852. The parents here cannot sustain a claim for emotional distress, whether it is for bystander distress or any other form of emotional distress based on the injuries sustained by their child. The court will strike paragraph 21 of the third count.
As to the claim for filial consortium, this court has previously held that consortium arises out of the marriage contract and therefore no claim for filial consortium can be sustained. Mills v. Lake Quassapaug Amusement Park, Superior Court, Judicial District of Waterbury Docket No. 123482 (May 17, 1995) (Pellegrino). The court recognizes that there are Superior Court decisions recognizing this cause of action, however it is the opinion of this court that. barring any appellate authority, such a claim is not actionable. Therefore, the court will strike subparagraph a of paragraph 23 of the third count.
The court will grant the defendant's motion to strike only paragraphs 21 and subparagraph a of paragraph 23 of the third count, the remaining allegations of third count shall remain and be unaffected by this decision.
Pellegrino, J.