[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The defendants have moved to strike count four of the plaintiffs' amended complaint, which alleges a cause of action based on a loss of filial consortium. The court will deny the defendant's motion.
On April 30, 1996, the plaintiffs, Arcangelo and Deborah M. Pacelli, individually and on behalf of their minor daughter Brittany Pacelli, filed a four-count amended complaint alleging various claims arising from medical malpractice. The fourth count of plaintiffs' amended complaint contains a claim for loss of filial consortium.
The defendants, Donald F. Zinn, M D. and Radiology Group, P.C., filed a motion to strike and a supporting memorandum on May 7, 1996. The defendants move to strike the fourth count of the plaintiffs' complaint on the ground that Connecticut does not recognize a cause of action for loss of filial consortium. The plaintiffs filed a memorandum in opposition on May 24, 1996.
In their memorandum in support, the defendants argue that the fourth count of the plaintiffs' complaint should be stricken because they fail to allege a cognizable cause of action under Connecticut law where Connecticut courts have declined to recognize a cause of action for loss of filial consortium. In addition, the defendants raise three reasons for rejecting the reasoning espoused in Sliney v. Denisanko, Superior Court, judicial district of New Haven-Meriden at New Haven, Docket No. 334928 (August 6, 1993, Gordon, J.) (8 C.S.C.R 887), a case which recognizes a claim for filial consortium. In their memorandum in opposition, the plaintiffs argue that no distinction exists between the marital relationship and the parental relationship which would warrant their different treatment in the area or consortium law. The plaintiffs further argue that the policy considerations which support the acceptance of a cause of action for spousal consortium also apply to parent-child consortium.
"[N]o appellate [or supreme] court case has yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies." Mahoney v.CT Page 9570Lensink, 17 Conn. App. 130, 141 n. 7, 550 A.2d 1088 (1988), rev'd on other grounds, 213 Conn. 5487 569 A.2d 518 (1990). Furthermore, the judges of the Superior Court are split on this issue. The rationales for accepting or rejecting claims for filial consortium closely parallel those outlined for loss of parental consortium.
The majority of cases have rejected claims for loss of filial consortium. See, e.g., St. Armand v. Kromish, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 051663 (November 6, 1997, Flynn, J.) (20 Conn. L. Rptr. 556);Sousa v. Soares, Superior Court, judicial district of Waterbury, Docket No. 137033 (August 18, 1997, Pellegrino, J.) (20 Conn. L. Rptr. 318); Ligi v. Poveromo, Superior Court, judicial district of Danbury, Docket No. 324465 (July 1, 1997, Stodolink, J.) (19 Conn. L. Rptr. 667).
Cases permitting recovery for loss of filial consortium include: LeBlanc v. Vitam Youth Treatment Center, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 148611 (May 9, 1997, Nadeau, J.) (19 Conn. L. Rptr. 485); DeVallev. Goggins, Superior Court, judicial district of Waterbury, Docket No. 128043 (October 11, 1996, Peck, J.); Condon v.Guardiani, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 052203 (March 16, 1996, Skolnick, J.) (16 Conn. L. Rptr. 466).
The majority of Superior Court judges hold that the strong language in Mahoney indicates that Connecticut does not recognize a cause of action for filial consortium. These decisions emphasize the language in Mahoney which states, "[t]he right to [spousal] consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship. " St. Armand v. Kromish, supra,20 Conn. L. Rptr. 557;Sousa v. Soares, supra, 20 Conn. L. Rptr. 318; Reed v.Austin, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 152345 (April 30, 1997, Lewis, J.) (19 Conn. L. Rptr 351, 352). Judges rejecting a filial consortium claim also rely on the fact that no appellate authority in Connecticut recognizes such a cause of action. Sousa v. Soares, supra,20 Conn. L. Rptr. 318; Ligi v. Povermo, supra,19 Conn. L. Rptr. 668;Moreira v. Tamura, Superior Court, judicial district of Danbury, Docket No. 324663 (May 20, 1998, Stodolink, J.).
Nevertheless, a growing number of Superior Court judges have CT Page 9571 allowed such claims on the ground that the decision in Mahoney
was dicta as indicated by the Court's acknowledgment that no appellate court had expressly addressed the issue See, e.g.,Davis v. Davis, Superior Court, judicial district of Middlesex at Middletown, Docket No. 577180 (March 15, 1996, Stanley, J.);Devalle v. Goggins, supra, Superior Court, Docket No. 128043. These cases further argue that the absence of binding precedent coupled with strong public policy reasons allow the courts to find that parental claims based on filial consortium are cognizable. Davis v. Davis, supra, Superior Court, Docket No. 577180; Devalle v. Goggins, supra, Superior Court, Docket No. 128043.
Some judges of the Superior Court draw a distinction between parental and filial consortium claims, allowing a claim for parental consortium, but not filial consortium. See, e.g., St.Armand v. Kromish, supra, 20 Conn. L Rptr. 556. "[A] parent is seldom dependent on the minor child for support or services. The foreseeability that harm may result to a parent in such a situation is too remote to create a separate legal duty which when breached, gives the parent a cause of action." Id. at 557. In contrast, because of a "parent's unique nurturing role in a child's upbringing and support", "the foreseeability that harm results to the minor child when deprived of this bundle of support due to injury to a parent is not remote." Id.
A claim for loss of consortium, however, encompasses more than just the "service" aspects of consortium. See Hopson v. St.Mary's Hospital, 176 Conn. 485, 492., 408 A.2d 260 (1979). Arguably, a child provides his parents with more than just "support or services." A claim for loss of consortium also includes "sentimental" elements such as "loss of companionship, society, affection, and moral support. . . ." Id. at 494. In addition, a consortium claim is designed to compensate the "mental and emotional anguish caused by seeing a healthy, loving, companionable mate turn into a shell of a person. . . ."Id. at 493. Contrary to the reasoning in St. Armand, the foreseeability of harm to the parent is not too remote where "[t]he same emotional and mental anguish is caused to a parent by seeing what might have been a healthy joyful child turned into a `shell of a person.'" Scalise v. Bristol Hospital, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 525217 (July 6, 1995, Corradino, J.) (14 Conn. L. Rptr. 534, 535); see also LeBlanc v. Vitam Youth Treatment Center, supra,19 Conn. L. Rptr. 485. CT Page 9572
Some decisions distinguish a parent's claim from a child's claim and recognize a claim for loss of filial consortium. See, e.g., Sliney v. Denisanko, supra, 8 C.S.C.R. 887; Condron v.Pollak, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 128731 (November 18, 1993, Dean, J.) (10 Conn. L. Rptr. 411). These decisions emphasize that the United States Supreme Court has repeatedly held that the interest of parents in their children is a fundamental constitutional right.Sliney v. Denisanko, supra, 8 C.S.C.R. 887.
The decisions supporting filial consortium claims draw a parallel between the legal contract of marriage and the constitutionally protected right of a parent to the "companionship, care, custody and management of his child." Id. "It is difficult to rationalize why rights protected by the legal contract of marriage should give rise to a consortium claim, while rights which are constitutionally protected should not." Id. "[T]he parent-child relationship holds an equally esteemed position as that between spouses, such as that parental interests and rights as to children are of constitutional dimension, albeit in other contexts." LeBlanc v. Vitam Youth Treatment Center, supra, 19 Conn. L. Rptr. 485. "It is inexorably so that our society and public policy now clearly honor and protect the parent-child relationship as fully, if not more so, than the interpousal one." Id.
The point is that no appellate court in Connecticut has explicitly decided whether there is an action for loss of filial consortium.[1] See Mahoney v. Lensink, supra,17 Conn. App. 141 n. 7. Although there is a division in authority amongst Superior Court decisions, this court believes that the better-reasoned opinions favor recognition of a parent's right to recover. This court has previously recognized a child's claim for loss of parental; consortium in Cherry v. ABF Freight Systems. Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 354865 (June 29, 1994, Hartmere, J.). Although Cherry involved a loss of parental consortium claim, the same policies justifying recognition of loss of parental consortium claims underlie the argument for the need to recognize loss of filial consortium claims. Accordingly, the defendants' motion to strike the fourth count of plaintiffs' complaint will be denied.
Based on the foregoing, the defendant's Motion to Strike (#120) is denied. CT Page 9573
So ordered.
Michael Hartmere Judge of the Superior Court